[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner David O'Neal seeks a writ of habeas corpus based upon the claims that the respondents, Warden and Board of Parole[1], incorrectly calculated the sentences he received on August 8, 1997 and, in the alternative, the eighty-five percent requirement of General Statutes § 54-125a(b)(2)[2] (Truth In Sentencing Act) as applied to the petitioner, is an unconstitutional ex post facto law because it was not in effect on the date he committed the underlying crime.[3] The CT Page 15247 court reaches the alternative constitutional issue.[4]
The petitioner is serving a sentence for the crime of violating General Statutes 53a-101 (Burglary I) which was committed prior to July 1, 1996 and pled guilty to that charge on September 11, 1996.[5] On July 1, 1996, the Truth In Sentencing Act became effective which provides that a person who commits a violent crime[6] is required to serve eighty-five percent of their definite sentence before the person becomes eligible for a parole hearing, which the respondent's claim is applicable to the petitioner's definite sentence for Burglary I. Prior to the adoption of the Truth In Sentencing Act the statute required that only fifty percent of the definite sentence be served before being eligible for parole. General Statutes § 54-125a(b)(3). The petitioner challenges that he is subject to the eighty-five percent requirement for a crime he committed before the effective date of the Truth In Sentencing Act.
First, the respondents argue that the court does not have jurisdiction because there is no liberty interest in parole release. Vincenzo v.Warden, 26 Conn. App. 132, 172 (1991). This argument, however, misses the point. The petitioner is not claiming that he has a right to parole, but rather he challenges the respondent's application of the Truth In Sentencing Act which is a bar to his being considered for parole. If application of the Truth In Sentencing Act would provide "a sufficient risk of increasing the punishment I attached to the covered" crime through the application of an ex post facto law the appropriate vehicle to test the interpretation of the law is by writ of habeas corpus.California Dept. of Corrections v. Morales, 514 U.S. 499, 509 (1995). The court has jurisdiction.
The United States Constitution provides in pertinent part that "No state shall . . . pass any . . . ex post facto Law . . .". U.S. Const., Art. I, § 10. Justice Chase in Calder v. Ball, 3 Dall. 386, 390 (1798) defined those laws which fall into the ambit of an ex post facto law as follows: "I will state what laws I consider ex post facto laws, within the words and the intent of the prohibition. 1st. Every law that makes an action done before the passing of the law, and which wasinnocent when done, criminal; and punishes such action.2d. Every law that aggravates a crime, or makes it greater than it was, when committed.3d. Every law that changes the punishment, and inflicts agreater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." Id., at 390 (emphasis in original). See Carmell v. Texas, ___ U.S. ___,120 S.Ct. 1620, 1627 (2000). CT Page 15248
Retroactive change of the law governing parole can constitute a violation of the prohibition against ex post facto laws. See Morales,514 U.S., at 508-509. The question is whether the retroactive application of the law pertaining to parole creates "a sufficient risk of increasing the measure of punishment attached to the covered crime." Id. 519.
The Supreme Court in Garner v. Jones, ___ U.S. ___, 120 S.Ct. 1362, clarified its decision in Morales holding that "[w]e do not accept the Court of Appeals' supposition that [the retroactive law] `seems certain' to result in some prisoners serving extended periods of incarceration. The standard announced in Morales requires a more rigorous analysis of the level of risk created by the change in law. . . . When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." (Citations omitted). Id. 1370.
The application of the Truth In Sentencing Act in the present case, by its own terms, significantly increased the risk of the petitioner being incarcerated for a longer period of time and clearly falls into Justice Chase's third category. At the time the petitioner committed Burglary I, he would have been eligible for parole after serving fifty percent of his definite sentence. The retroactive application of the Truth In Sentencing Act would require the petitioner to serve eighty-five percent of his sentences before being eligible for parole, a significant increase of seventy percent. Therefore, by its own terms the Truth In Sentencing Act shows there is a significant risk that its retroactive application will result in a longer period of incarceration.
This case is unlike Garner wherein the court held the statute in question was not unconstitutional. As the Supreme Court pointed out inGarner, that as a result of the petitioner's "escape from prison and the commission of a second murder, it is difficult to see how the Board [of Pardons] increased the risk of his serving a longer time when it decided that its parole review should be exercised after an 8-year, not a 3-year interval." Garner v. Jones, supra, 120 S.Ct. 1370. Furthermore, unlike this case, the Board in Garner had authority to order a hearing at any time upon a showing of a change of circumstances. Id. In the present case the eight year period is mandated by statute leaving the Board of Parole with no discretion to consider parole before the petitioner served eighty-five per cent of his definite sentence.
The petitioner's writ of habeas corpus is granted and it is directed that he is eligible to be considered for parole after serving fifty per cent of his definite sentence for Burglary I. CT Page 15249
Berdon, Judge Trial Referee